IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-674-RGA |
| DR. DIMICO, SR., et al., | : |
| Defendants. | : |

Anibal Melendez, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

October  / , 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Anibal Melendez, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff filed an amended complaint on June 7, 2018 and it is the operative pleading. (D.I. 7). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). Plaintiff has filed a request for counsel. (D.I. 6). The Court screens and reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

Plaintiff's civil cover sheet indicates that this is an action brought pursuant to 42 U.S.C. § 1983 for medical malpractice. (D.I. 1-1). He alleges that on May 31, 2016, Defendant Dr. Dimico, Jr., who is employed at Christiana Hospital, performed surgery to repair a broken eye socket and to correct Plaintiff's double vision. (D.I. 7 at 1-2). The surgery was performed at Christiana Care. Two weeks later, Defendant Dr. Dimico, Sr. provided Plaintiff follow-up care at Christiana Hospital. (*Id.*). Dr. Dimico, Sr. is also employed by Christiana Hospital. (D.I. 7 at 2). Plaintiff was x-rayed and the x-ray revealed the "bottom eye lid was pinched with the hardware." (*Id.*).

Dr. Dimico, Sr. scheduled Plaintiff to see a specialist, Defendant Dr. Doe. (*Id.*). Dr. Doe scheduled Plaintiff to see Defendant Dr. Abel, a specialist employed at the Limestone Facility, to correct the surgery. (*Id.*). In turn, Dr. Abel scheduled Plaintiff to

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

see Dr. Moore, who is also employed at the Limestone Facility. (*Id.*) All three physicians refused to perform the corrective surgery. (*Id.*).

Plaintiff complained to prison doctors via sick call slips and grievances that he continued to suffer from double vision and that his right eye hurt because his eyelashes were growing into it. (*Id.*). Plaintiff alleges that Dr. Dimico, Sr., Dr. Dimico, Jr., and prison medical refused to treat him. (*Id.*).

Plaintiff also submitted repeated sick call slips and filed multiple grievances requesting surgery. (D.I. 7 at 3). He alleges that Defendant Jane Doe, an employee at the JTVCC, is responsible for arranging for specialized care outside of the prison. (*Id.*). One year has passed and he has not received a response from the medical department or Christiana Care. (*Id.*). Plaintiff believes that he will suffer permanent eye damage if does not undergo the surgery. (*Id.*).

Plaintiff alleges that the failure of Defendants to provide adequate care, and/or corrective surgery, and/or follow-up treatment constitutes deliberate indifference in violation of Plaintiff's Eighth Amendment rights to the United States Constitution. (*Id.* at 3-5). He also alleges Dr. Dimico, Sr. and Dr. Dimico, Jr. committed medical malpractice. (*Id.* at 6).

Plaintiff seeks compensatory damages and injunctive relief.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448,

2

452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless

amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Medical Needs; Medical Negligence.** Plaintiff brings this action as a § 1983 claim alleging medical malpractice. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a

4

cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment, "so long as the treatment provided is reasonable." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

As pled, the complaint fails to state an actionable constitutional claim. First, it is far from clear that Defendants are alleged to be state actors. Second, it appears that Plaintiff seeks surgery that Defendants have determined is not necessary. The allegations are that Plaintiff received medical treatment as well as follow-up care.

Therefore, the § 1983 claims will be dismissed for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a § 1983 claim, he will be given an opportunity to amend his pleading.

To the extent Plaintiff raises the claims as medical malpractice or negligence, rather than deliberate indifference to a serious medical need, the claims will be dismissed. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. See 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)); 18 Del. C. § 6853. Because Plaintiff alleges medical negligence, at the time he filed the complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). Plaintiff failed to accompany the complaint with an affidavit of merit as required by 18 Del. C.
§ 6853(a)(1). Therefore, the medical malpractice/negligence claims will be dismissed as frivolous pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and § 1915A(b)(1).

**Request for Counsel.** Plaintiff requests counsel on the grounds that he is unable to afford counsel, the issues are complex, he is housed in segregation with limited law library access, he has unsuccessfully sought to retain counsel, he has limited knowledge of the law, the case may require expert testimony, there is a jury

demand, and an attorney can assist with discovery. (D.I. 6). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

7

At this point, Plaintiff's claims do not have merit in fact and law. There is no operative complaint and no defendant has been served. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. Should the need for counsel arise later, one can be sought at that time.

**CONCLUSION**

For the above reasons, the Court will: (1) denied without prejudice to renew Plaintiff's request for counsel (D.I. 6); and (2) dismiss the amended complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Plaintiff will be given leave to file a second amended complaint.

An appropriate Order will be entered.