IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| ANIBAL MELENDEZ, | : |
| --- | --- |
| Plaintiff, | : |
| v. | : Civil Action No. 18-674-RGA |
| DR. DIMICO, SR., et al., | : |
| Defendants. | : |

Anibal Melendez, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

December 28, 2018
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Anibal Melendez, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court screened and reviewed the amended complaint, dismissed it, and gave Plaintiff leave to amend. (D.I. 14, 15). Plaintiff filed a Second Amended Complaint on October 2, 2018. (D.I. 16). The Court screens and reviews the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

The allegations in the Second Amended Complaint are similar to those previously raised by Plaintiff. He alleges that on May 31, 2016, Defendant Dr. Dimico, Jr., who is employed at Christiana Hospital, performed surgery to repair a broken eye socket and to correct Plaintiff's double vision. (D.I. 16 at 2). The surgery was performed at Christiana Care. Two weeks later, Defendant Dr. Dimico, Sr. provided Plaintiff follow-up care at Christiana Hospital. (*Id.*). Dr. Dimico, Sr. is also employed by Christiana Hospital. Plaintiff was x-rayed, and the x-ray revealed the "bottom eye lid was pinched with the hardware." (*Id.*).

Dr. Dimico, Sr. scheduled Plaintiff to see a specialist, Defendant Dr. Harper, to see if he would perform surgery. (*Id.* at 3). Plaintiff also alleges that Dr. Harper is the medical administrator at the VCC. (*Id.* at 2). Dr. Harper scheduled Plaintiff to see

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Defendant Dr. Abel, a specialist employed at the Limestone Facility, to provide appropriate medical care. (*Id.*). In turn, Dr. Abel scheduled Plaintiff to see Dr. Moore, who is also employed at the Limestone Facility, to provide appropriate medical care. (*Id.*)

Plaintiff alleges that since then he has submitted repeated sick call requests ad filed grievances to see a physician to correct the surgery because he continues to suffer from double vision and that his right eye hurts because his eyelashes are growing into it. (*Id.*). He alleges that Defendant Nurse Practitioner Monica is responsible for arranging for specialized care outside of the prison and Dr. Harper is responsible for specialized care outside the prison. (*Id.* at 4). Plaintiff alleges that two years have passed without a response from the medical department. (*Id.*). Plaintiff is in great pain and believes that he will suffer permanent eye damage if does not undergo the surgery. (*Id.*).

He alleges that the failure of Defendants to provide adequate care, and/or corrective surgery, and/or follow-up treatment constitutes deliberate indifference in violation of Plaintiff's Eighth Amendment rights to the United States Constitution. (*Id.* at 4-5). Plaintiff seeks compensatory damages and injunctive relief.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true

2

and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A

3

complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See id. at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

4

However, "[a] prisoner does not have the right 'to choose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-40 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986).

The claims against Dr. Dimico, Sr., Dr. Dimico, Jr., Dr. Moore, and Dr. Able will be dismissed. The Second Amended Complaint fails to state an actionable constitutional claim against them. First, there are no non-conclusory allegations these Defendants are State actors.[2] Second, at most the claims lie in negligence. Therefore, the § 1983 claims will be dismissed for failure to state claims upon which relief may be granted pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and the foregoing Defendants will be dismissed.

Plaintiff has alleged what appear to be cognizable § 1983 claims against Dr. Harper and Nurse Practitioner Monica for delay or denial in providing medical care to Plaintiff's serious medical needs. Plaintiff will be allowed to proceed against these Defendants.

---

[2] A private medical professional does not become a state actor simply by providing medical care to an incarcerated individual.

5

## CONCLUSION

For the above reasons, the Court will: (1) dismiss Defendants Dr. Dimico, Sr., Dr. Dimico, Jr., Dr. Moore, and Dr. Able pursuant to U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) as the claim are frivolous; and (2) allow Plaintiff to proceed against Dr. Harper and Nurse Practitioner Monica.

An appropriate Order will be entered.