IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-674-RGA |
| DR. HARPER, et al., | : |
| Defendants. | : |

Anibal Melendez, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Dana Spring Monzo, Esquire, White & Williams, Wilmington, Delaware. Counsel for Defendant Monica Mills.

**MEMORANDUM OPINION**

December 19, 2019
Wilmington, Delaware


ANDREWS, U.S. District Judge:

Plaintiff Anibal Melendez, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). Before the Court is Defendant Monica Mill's motion to dismiss, and Plaintiff's motion to compel discovery, motion for leave to file an amended complaint, and request for entry of default. (D.I. 27, 36, 41, 42). The motion to dismiss has been fully briefed.

## BACKGROUND

Plaintiff filed a Second Amended Complaint on October 2, 2018. (D.I. 16). The Court screened and reviewed it and Plaintiff was allowed to proceed against Mills and Dr. Harper. (D.I. 17, 18). Plaintiff alleges that on May 31, 2016, he underwent surgery at Christiana Care to repair a broken eye socket and to correct his double vision. (D.I. 16 at 2). Plaintiff received follow-up care at Christiana Hospital two weeks later and an x-ray revealed the "bottom eye lid was pinched under the hardware." (*Id.*).

Plaintiff was scheduled to see Dr. Harper, a specialist and the medical administrator at the JTVCC, to see if he would perform surgery. (*Id.* at 2-3). Dr. Harper scheduled Plaintiff to see a specialist at the Limestone Facility to provide whatever necessary care was needed. (*Id.*).

Plaintiff alleges that, since then, he has submitted repeated sick call requests and filed grievances to see a physician to correct the surgery as he continues to suffer

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

from double vision and he has right eye pain because his eyelashes are growing into it. (*Id.*). He alleges that both Mills and Dr. Harper are responsible for arranging for specialized care outside of the prison. (*Id.* at 4). Plaintiff alleges that two years have passed without a response from the medical department. (*Id.*). Plaintiff is in great pain and believes that he will suffer permanent eye damage if he does not undergo the surgery. (*Id.*). Plaintiff alleges the failure of Defendants to provide adequate care, and/or corrective surgery, and/or follow-up treatment constitutes deliberate indifference in violation of his Eighth Amendment rights to the United States Constitution. (*Id.* at 4-5). Plaintiff seeks compensatory damages and injunctive relief.

On April 4, 2019, Plaintiff moved for leave to amend and his motion was granted. (*See* D.I. 23, 25). In the motion, Plaintiff explained that he had determined that Dr. Harper is Lori Jones. His motion described Jones' alleged acts. Plaintiff was given until May 13, 2019 to file an amended complaint. (*See* D.I. 25). Plaintiff never filed an amended complaint. As a result, the Court entered an order on June 3, 2019, noted that Plaintiff had failed to file an amended complaint, advised that the Second Amended Complaint at D.I. 16 is the operative pleading, ordered Mills to answer or otherwise plead, and gave Plaintiff until on or before June 24, 2019 to properly identify Dr. Harper and to provide an address for his or her service.[2] (*See* D.I. 26). Plaintiff did not identify Dr. Harper or provide an address for service. Mills filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 27).

---

[2] The order placed Plaintiff on notice that his failure to comply with the order would result in dismissal of Dr. Harper without prejudice. Plaintiff did not comply with the order and, therefore, Dr. Harper will be dismissed.

## MOTION TO DISMISS

**Legal Standards**. In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 10 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* That plausibility must be found on the face of the complaint. *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**Discussion.** Mills moves to dismiss on the grounds that the facts as pled in the Second Amended Complaint are legally insufficient to support an Eighth Amendment claim. Plaintiff opposes and argues that Second Amended Complaint is adequately pled. In his opposition, Plaintiff provides additional allegations to support his claim. Plaintiff may not amend his complaint through his opposition brief, and new facts may not be considered by the Court on the instant motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may

4

manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "[a] prisoner does not have the right 'to choose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

The Court has again reviewed the Second Amended Complaint. Although Plaintiff was allowed to proceed against Mills upon screening of the Second Amended Complaint, I have taken a closer look at the alleged facts and find that it fails to state an actionable constitutional claim against her.

The allegations seem to be directed against Mills based upon her position as a medical administrator. It is well established that there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). In addition, there are no allegations of interactions between Plaintiff and Mills, and hence, the Second Amended Complaint fails to adequately allege her personal involvement. Nor does the Second Amended Complaint explain Mills' involvement, if any, with the sick

5

call slips Plaintiff submitted. A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). Personal involvement in the alleged wrong is required. Finally, the Second Amended Complaint fails to contain any facts to support the conclusory allegations that Mills would not schedule off-site medical care in violation of the Eighth Amendment.

The Second Amended Complaint fails to state a claim upon which relief may be granted. Therefore, the Court will grant the motion to dismiss. Since it appears plausible that Plaintiff may be able to articulate a claim against Mills, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff' claims do not appear "patently meritless and beyond all hope of redemption").

## MISCELLANEOUS MOTIONS

**Motion to Compel.** Plaintiff moves to compel responses to discovery he served upon Mills in July of this year. (D.I. 36). The motion will be denied without prejudice as premature. On August 6, 2019, the Court entered an order giving Mills an extension of time to respond to discovery until after Mills filed an answer to the Second Amended Complaint.

As discussed above, the claims raised against Mills in the Second Amended Complaint will be dismissed, and Plaintiff will be given leave to file a third amended complaint. Therefore, all discovery will be stayed, and responses to the outstanding discovery requests will not be due until fourteen days after entry of the Court's scheduling order.

**Motion for Leave to Amend.** On October 24, 2019, Plaintiff filed a motion for leave to file an amended complaint. (D.I. 41). In the motion, Plaintiff indicates that he has determined that Dr. Harper is more properly identified as Lori Jones. The motion will be dismissed as moot for two reasons. First, as discussed above, Plaintiff will be given leave to file a third amended complaint. Second, while the Clerk's Office docketed it differently, the motion is identical to the motion to amend Plaintiff filed on April 4, 2019 at D.I. 23, and that motion was granted by the Court.[3] The identical "proposed amended complaint" in both motions does not comply with the Court's Local Rules and piecemeal complaints are disfavored by the Court. Plaintiff was given leave to file a third amended complaint, but he did not, and the instant motion does not explain why he failed to do so.

**Request for Entry of Default.** On October 24, 2019, Plaintiff requested the entry of default of Lori Jones. (D.I. 42). The request will be denied as duplicative. Plaintiff made an identical request on October 8, 2019 for the entry of default of Jones and, because Jones is not a named defendant, the request was denied. (*See* D.I. 38, 40).

## CONCLUSION

For the above reasons, the Court will: (1) grant Mill's motion to dismiss the Second Amended Complaint (D.I. 27); (2) give Plaintiff leave to file a third amended complaint; (3) deny without prejudice as premature Plaintiff's motion to compel (D.I. 36); (4) dismiss as moot Plaintiff's motion for leave to amend (D.I. 41); (5) dismiss as

---

[3] The filing consisted of two pages. Docket Item 23 was docketed as a two page docket entry (the first page titled as a motion and the second page titled "2) Proposed amended complaint"), while Docket Item 41 was docketed as a one page docket entry with the "2) Proposed amended complaint") page docketed as a proposed amended complaint.

7

duplicative Plaintiff's request for entry of default (D.I. 42); (6) dismiss without prejudice Defendant Dr. Harper; and (7) stay discovery and give Mills fourteen days to respond to outstanding discovery requests after entry of the Court's scheduling order.

An appropriate Order will be entered.