IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANIBAL MELENDEZ,                              :
                                             :
            Plaintiff,                       :
                                             :
      v.                                     : Civil Action No. 18-674-RGA
                                             :
MONICA MILLS, et al.,                        :
                                             :
            Defendants.                      :

---

Anibal Melendez, James T. Vaughn Correctional Center, Smyrna, Delaware.   Pro Se
Plaintiff.

Dana Spring Monzo, Esquire, and Kelly Elizabeth Rowe, Esquire, White & Williams,
Wilmington, Delaware.  Counsel for Defendant Monica Mills.


**MEMORANDUM OPINION**


August 24, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Anibal Melendez, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1]  (D.I. 1).  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 5, 12).  Before the Court is Defendant Monica Mills' motion to dismiss the Third Amended Complaint.  (D.I. 51).  Briefing is complete.  (D.I. 52, 61, 62, 63).

I.    **BACKGROUND**

On December 19, 2019, the Court dismissed the Second Amended Complaint and gave Plaintiff leave to file a Third Amended Complaint.  (D.I. 45, 46).  Plaintiff filed a Third Amended Complaint on January 13, 2020 against Mills and added a new defendant - JTVCC medical administrator Lori Jones.  (D.I. 47).  Mills filed her motion to dismiss on January 29, 2020.  (D.I. 51).

The Third Amended Complaint alleges that on May 31, 2016, Plaintiff underwent surgery at Christiana Care to repair an injured right eye.  (D.I. 47 at 2).  Following the surgery, Plaintiff complained that he still had double vision.  (*Id.*).  Plaintiff received follow-up care at Christiana Hospital and learned that the "bottom eye lid was pinched with the hardware."  (*Id.*).  Plaintiff was scheduled to see another specialist to correct

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

the surgery, and "a couple of other specialists" saw him, but no surgery was performed. (*Id.* at 2-3).

Since then he has submitted repeated sick call requests and filed grievances to see a physician to correct the surgery. (*Id.* at 3). Mills is responsible for medical care generally and both Mills and Jones are responsible for arranging for specialized care outside the prison. (*Id.* at 3). Mills coordinated with Jones to make sure inmates receive medical assistance needed if it cannot be provided at the prison. (*Id.* at 5). Mills was the person he saw every time he submitted a sick call request. (*Id.* at 4). Mills could see that Plaintiff's bottom eye lashes were growing into his eyes but she refused to provide medical assistance to prevent permanent eye injury. (*Id.* at 6). For a period of two years, and on multiple occasions, he complained of pain and discomfort and each time Mills indicated that she was going to refer Plaintiff to an outside provider, but it never happened. (*Id.* at 5). Despite his requests over the years, he has received no response from the medical department. (*Id.* at 3). Plaintiff is in great pain and discomfort and cannot see properly due to eyelashes growing into his eye. (*Id.*). Plaintiff believes that if he is not promptly provided with surgery, he risks suffering permanent eye damage. (*Id.*).

Plaintiff states that because there was malpractice and further treatment was needed, it was the duty of both Defendants to schedule him to see another specialist to examine Plaintiff's eye. (*Id.* at 5). Plaintiff states that he has been denied the opportunity to see another medical provider to correct the surgery. (*Id.* at 5). He

2

alleges that Defendants knew he needed medical attention but refused to provide it,

delayed treatment for non-medical reasons, and persisted in a particular course of

treatment in the face of resultant pain and permanent injury. (*Id.* at 6). Plaintiff alleges

the failure of Defendants to provide follow-up examination and adequate treatment

constitutes deliberate indifference in violation of his Eighth Amendment rights to the

United States Constitution. (*Id.* at 4).

## MOTION TO DISMISS

**Legal Standards**. In reviewing a motion to dismiss filed under Rule 12(b)(6), the

Court must accept all factual allegations in a complaint as true and take them in the light

most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because

Plaintiff proceeds *pro se*, his pleading is liberally construed and his Third Amended

Complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Id.* A court may consider the pleadings, public

record, orders, exhibits attached to the complaint, and documents incorporated into the

complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2007). A motion to dismiss may be granted only if, accepting the well-pleaded

allegations in the complaint as true and viewing them in the light most favorable to the

complainant, a court concludes that those allegations "could not raise a claim of

entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more

than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of

3

a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S.10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**Discussion.** Mills moves to dismiss on the grounds that the facts as pled in the Third Amended Complaint are legally insufficient to support an Eighth Amendment claim. She specifically argues that the Third Amended Complaint fails to adequately allege her personal involvement. Plaintiff opposes and argues that the Third Amended Complaint is adequately pled.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate

4

must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

"A prisoner does not have the right 'to choose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

The Third Amended Complaint appears to reinstate a medical negligence claim given Plaintiff's allegations that Defendants owed him a duty of care. To the extent Plaintiff raises the claims as medical malpractice or negligence, rather than deliberate

5

indifference to a serious medical need, the claims will be dismissed.  In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act.  *See* 18 Del. C. §§ 6801-6865.  When a party alleges medical negligence, Delaware law requires the party to produce an "affidavit of merit" with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)); *see* 18 Del. C. § 6853.  As explained in a prior decision in this case (D.I. 14 at 6), because Plaintiff alleges medical negligence, at the time he commenced this action he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1 ).  He did not.  The medical negligence claims will be dismissed with prejudice.

The Court now turns to the § 1983 claims raised against Mills.  A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she] neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).  "[P]ersonal involvement" in the alleged wrong is required. *Id*. The Third Amended Complaint adds allegations that Mills was the person Plaintiff saw every time he submitted sick call slips complaining about his eye.  He also alleges that Mills saw his medical condition, knew he needed outside medical care, told him he would be referred to an outside provider, and that she has either delayed or refused to provide Plaintiff with the care he needs.  While Plaintiff has not provided specific dates, the

6

Third Amended Complaint alleges that Plaintiff underwent surgery on March 31, 2016 and for a two-year period he told Mills about his pain and discomfort, she indicated he would be referred to an outside provider, but he never was.  Liberally construing the allegations as required for *pro se* litigants, the Court finds that Plaintiff has adequately alleged Mills' personal involvement and adequately alleged that Mills knew he needed treatment and refused to provide it.  In addition, the Court finds that contrary to Mills' position, Plaintiff has alleged an adequate "nexus" between Mills and the alleged denial of medical treatment.  Plaintiff alleges he was repeatedly seen by Mills, she knew of his condition, she indicated he would be referred for outside medical treatment, and he was not.

As to the claims against Mills, the Third Amended Complaint's allegations offer more than formulaic conclusions and are more than bare assertions.  While discovery may show that Mills did not violate Plaintiff's constitutional rights, the Third Amended Complaint alleges sufficient facts to state a claim.  Therefore, the Court will deny Mills' motion to dismiss the § 1983 claims raised against her.

Finally, the Court takes this opportunity to screen the claims against Jones, a newly added defendant.  A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma*

7

*pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 366 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

The scant allegations seem to be directed against Jones based upon her position as a medical administrator. It is well established that there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). There

8

are no allegations of any interaction between Plaintiff and Jones. In addition, whenever Jones is mentioned in the Third Amended Complaint, the allegations are conclusory without supporting facts. As pled, the allegations against Jones are conclusory and simply do not rise to the level of constitutional violations. In addition, as discussed above, the Third Amended Complaint fails to state a medical negligence claim. The claims are frivolous and Jones will be dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and § 1915A(b)(1). As to Jones, the Court finds amendment futile.

## IV.   CONCLUSION

Based upon the above discussion, the Court will: (1) grant in part and deny in part Defendant Monica Mills' motion to dismiss (D.I. 51); (2) dismiss with prejudice all medical negligence claims; and (3) dismiss Defendant Lori Jones and the claims against her as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The case proceeds on the § 1983 claim against Mills.

An appropriate Order will be entered.

9