IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-674-RGA |
| MONICA MILLS, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

At Wilmington this 7th day of December, 2022, having considered Plaintiff's motion to reopen the case and reconsider request for counsel (D.I. 97), "notice of judgment" (D.I. 98), and motion for leave to amend (D.I. 102);

IT IS ORDERED that: (1) the motion to reopen the case (D.I. 97) is **GRANTED**; (2) the motion for reconsideration (D.I. 97) is **DENIED**; (3) the notice of judgment (D.I. 98) is **DENIED**; and (4) the motion for leave to amend (D.I. 102) is **DENIED**, for the following reasons:

1. Plaintiff Anibal Melendez, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D. I. 5). The Third Amended Complaint (D.I. 47) is the operative pleading.  (*See* D.I. 66, 67). Defendant Monica Mills is the sole remaining defendant, all other defendants having been dismissed.   She answered the Third Amended Complaint on September 14, 2020.   (D.I. 68).

1

2.      On June 11, 2021, this the Court entered an order staying all proceedings against Connections Community Support Programs, Inc. and its employees as of April 19, 2021, pursuant to Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a).   (D.I. 90).   The order dismissed Plaintiff's request for counsel without prejudice to renew upon lifting of the stay.   (*Id*.).   It also administratively closed the case until further Order of the Court.   (*Id*.).

3.      Plaintiff moves to reopen the case and for reconsideration of his request for counsel.   (D.I. 97).   He also moves for default judgment and seeks leave to amend the Third Amended Complaint.   (D.I. 98, 102).

4.      **Motion to Reopen**.   The Court will grant the motion to reopen the case.   (D.I. 97).   Mills is the only remaining defendant.

5.      **Request for Counsel**.    Plaintiff requests counsel on the grounds that he is unable to afford counsel, the issues are complex, he has limited law library access and limited knowledge of the law, and he has unsuccessfully sought counsel.   (D.I. 70).   A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.    See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).   However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.   *Tabron*, 6 F.3d at 155.

6.      After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel.   Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include:   (1) the

merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.   The list is not exhaustive, nor is any one factor determinative.   *Tabron*, 6 F.3d at 157.

7.   I have reviewed the docket in this case as well as Plaintiff's filings. Throughout, Plaintiff has ably represented himself in this matter.   Also, the issues are not complex.   Upon consideration of the entire record, I have concluded that counsel is not necessary.   Accordingly, Plaintiff's request for counsel will be denied without prejudice.

8.   **Default Judgment**.   Plaintiff filed a "notice of judgment" on the grounds that Mills did not respond to his motion to reopen the case and his request for counsel. (D.I. 98).   Neither of these are grounds for judgment.   The motion will be denied.

9.   **Motion for Leave to Amend**.   Plaintiff moves to file a fourth amended complaint on the grounds that the name of Defendant Lori Jones is Laurie Mancini-Jones.   (D.I. 102).   No matter if Defendant Jones is referred to as Lori Jones or Laurie Mancini-Jones, the outcome is the same.   On August 24, 2020, the Court dismissed Jones as a defendant as the allegations were frivolous and determined that amendment

of the claim against Jones was futile.   (D.I. 66, 67).   The motion to amend will be denied.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE